THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-00133

| | | |
|---|---|---|
| David Clark, Administrator of the Estate Of Shirley Ann Clark, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Norfolk Southern Corporation, a Virginia Corporation, and Ronald Davis, Executor of the Estate of Mary Morgan Davis, a/k/a Mary Ann Davis | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Defendant Davis' Objection to Notice of Removal (Doc. 9), Plaintiff's Amended Motion to Remand to State Court (Doc. 6), and Defendant Norfolk's Motion for Leave of Court to Take Discovery (Doc. 8). For reasons explained below, Defendant Davis' Objection to Notice of Removal is **DENIED**, Plaintiff's Amended Motion to Remand to State Court is **HELD IN ABEYANCE**, and Defendant Norfolk's Motion to Take Discovery is **GRANTED**.

**I.       Background**

This case arises from a wrongful death action originally filed in Gaston County Superior Court by Plaintiff David Clark ("Clark") on behalf of his late wife Ann Clark, against Norfolk Southern Corporation ("Norfolk") and Ronald Davis, Executor of the Estate of Mary Davis ("Davis"). Ann Clark and her mother Mary Davis were both killed when the car Davis was driving was struck by a train. Norfolk timely filed a Notice of Removal to this Court on March 18, 2010 on the basis of diversity of citizenship. Plaintiff subsequently filed a Motion to

Remand to State Court on April 14, 2010 asserting a lack of complete diversity. Co-Defendant Davis filed an Objection to Notice of Removal on April 20, 2010 citing a lack of consent and a lack of complete diversity.

Norfolk is incorporated in Virginia and its principal place of business is in Virginia. Norfolk alleges that Davis was a citizen and resident of North Carolina. Clark and Norfolk dispute the citizenship of the late Ms. Clark. Plaintiff alleges that Ms. Clark was domiciled in North Carolina, thereby destroying complete diversity. Norfolk alleges Ms. Clark's domicile was in South Carolina, thereby creating complete diversity between the parties.

## II.    Discussion

Removal is statutorily defined in 28 U.S.C. § 1441, § 1446, and § 1447. For removal to be proper, the district court must have original jurisdiction over the civil action. 28 U.S.C. § 1441. Procedurally, the defendants must file a notice of removal. § 1446(b). Removal requires the consent of all defendants. Chicago v. Martin, 178 U.S. 245, 248 (1900). This is known as the rule of unanimity. See Barbour v. Int'l Union, 594 F.3d 315, 319 (4th Cir. 2010). If unanimity is not present, removal is defective. 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Id. A breach of unanimity does not implicate the court's subject matter jurisdiction. Payne v. Brake, 439 F.3d 198, 203 (4th Cir. 2006). As a result, a party who fails to make a timely objection waives the objection. Id.

Norfolk filed its Notice of Removal on March 18, 2010 without Co-Defendant Ronald Davis' consent. Therefore, "[t]he removal petition was defective because all defendants did not join in the petition or consent to removal." Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999). Pursuant to 28 U.S.C. § 1447(c), Clark and Davis had thirty days

from March 18 to object to this defect in the removal.  The thirty days expired on April 19, 2010.  Davis did not file his objection to removal until April 20, 2010.  Davis thus waived the objection.  Payne, 439 F.3d at 203.  Plaintiff Clark raised the issue of lack of complete diversity on April 14, 2010.  However, Clark did not object to the breach of unanimity until April 21, 2010.  Accordingly, Clark likewise waived the objection by not raising it within thirty days.

An issue remains as to the domicile of Ms. Clark.  Norfolk has requested that it be allowed leave of Court to conduct discovery as to this issue.  Accordingly, Norfolk will be allowed forty-five days to conduct discovery on the narrow issue of Ms. Clark's domicile.  Within 14 days of completion of that discovery, Norfolk may file a supplemental memorandum objecting to Plaintiff's Motion to Remand.  Plaintiff may file a response to Norfolk's supplemental memorandum if he wishes to do so, within seven days thereafter.

IT IS THEREFORE ORDERED that Defendant's Objection to Notice of Removal is DENIED, Plaintiff's Motion to Remand to State Court is HELD IN ABEYANCE, and Defendant Norfolk's Motion for Leave of Court to Take Discovery is hereby GRANTED.

Signed: June 2, 2010

Graham C. Mullen
United States District Judge