IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-00133

| | |
|---|---|
| David Clark, Administrator of the Estate )<br>Of Shirley Ann Clark, Deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Norfolk Southern Corporation, a Virginia )<br>Corporation, and Ronald Davis, Executor of )<br>the Estate of Mary Morgan Davis, )<br>a/k/a Mary Ann Davis )<br>)<br>Defendants. )<br>_____ ) | ORDER |

This matter is before the court upon the Plaintiff's Motion to Remand. This motion has been held in abeyance pending limited discovery by the Defendant Norfolk Southern Corporation ("Norfolk") as to the domicile of the Plaintiff's deceased, Mrs. Clark. Discovery has been completed and the parties have filed supplemental briefs as to the Motion to Remand.

**BACKGROUND**

This case arises from a wrongful death action originally filed in Gaston County Superior Court by Plaintiff David Clark ("Clark") on behalf of his late wife Shirley Ann Clark, against Norfolk and Ronald Davis, Executor of the Estate of Mary Davis ("Mrs. Davis"). Mrs. Clark and her mother Mrs. Davis were both killed when the car Mrs. Davis was driving was struck by a train. Norfolk timely filed a Notice of Removal to this court on the basis of diversity of citizenship. Plaintiff seeks to remand this case, asserting a lack of complete diversity.

1

Norfolk is incorporated in Virginia and its principal place of business is in Virginia. The decedent Mrs. Davis was domiciled in North Carolina at the time of her death.[1] The Plaintiff and Norfolk dispute the citizenship of the late Mrs. Clark. Plaintiff alleges that Mrs. Clark was domiciled in North Carolina, thereby destroying complete diversity. Norfolk alleges Mrs. Clark's domicile was in South Carolina.

**DISCUSSION**

Domicile requires physical presence, coupled with the intent to make the state a home. *Johnson v. Advance America*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). In determining domicile, courts consider a variety of factors, including the party's current residence, where the party is registered to vote, the location of personal and real property, where the litigant maintains bank accounts, memberships in clubs, churches and other organizations, where the party has places of business or employment, driver's license and automobile registration, payment of taxes, as well as numerous other aspects of daily life and activity. *See Burgess v. Gateway Communications, Inc.*, 984 F. Supp. 980 (S.D.W.Va. 1997); *Mizell v. Eli Lilly & Co.*, 526 F. Supp. 589 (D.S.C. 1981). Domicile must be established by a preponderance of the evidence. *See Larsen v. Assurant Health*, 2009 U.S.Dist. LEXIS 63799, *2 (W.D.N.C. 2009).

There is no dispute that Mrs. Clark was living in North Carolina at the time of her death. Mrs. Clark and her husband, David Clark, lived in York, South Carolina for many years prior to October of 2007. In October 2007, Mrs. Clark and her husband moved to the residence of her mother, Mrs. Davis, in North Carolina, to care for her mother and manage her mother's affairs

---

[1] 28 U.S.C. § 1414(b) prohibits removal where a defendant is a citizen of the forum state. However, Plaintiff waived any right to object to this procedural defect by failing to raise it in his Motion to Remand. *See Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005).

2

during her recovery from brain surgery. The issue is whether Mrs. Clark intended to remain in North Carolina indefinitely.

The Defendant Norfolk has presented evidence that Mrs. Clark continued to work at the Dollar General in Rock Hill, South Carolina, and maintained her bank account in South Carolina. At the time of her death, her driver's license was issued by the state of South Carolina and her vehicle was registered in South Carolina. She was also registered to vote in South Carolina. Mrs. Clark and her husband owed a mobile home in York, South Carolina, where they lived prior to moving to North Carolina. At the time of her death, the Clarks still owned the mobile home, however, their son and his family were living in it. On the day of the accident, family members interviewed by the newspaper described Mrs. Clark's presence in North Carolina as "a temporary upheaval" to care for her mother during a period of illness.

The Plaintiff has submitted evidence that Mrs. Clark's federal tax returns and W-2s for 2007 and 2008 listed her Gastonia, North Carolina address. Moreover, bills and insurance notices listed the North Carolina address. When the Clarks moved to North Carolina, they took all their personal belongings from their mobile home. Their son and his wife moved into the property and began to make the mortgage payments. David Clark testified in his deposition that their intent was to deed the property to their son if he paid off the mortgage. Mr. Clark also testified that he and Mrs. Clark intended to remain in North Carolina and were actively looking for property to either rent or buy at the time of Mrs. Clark's death. Mrs. Clark's brothers, William Davis and Ronald Davis, both testified in their depositions that it was Mrs. Clark's intent to remain in North Carolina, close to her family. Plaintiff also submitted the affidavit of James Moore, the manager of a mobile home park in North Carolina. Mr. Moore states that Mrs. Clark approached him in May of 2008 to inquire about the availability of property in the mobile

home park for her and her husband to rent, indicating to him that they were looking for homes in the Lowell, North Carolina area because they wanted to be close to family. Mr. Clark explained in his deposition that given Mrs. Clark's work schedule and her responsibilities caring for her mother, she had not had the opportunity to change her driver's license or car registration to North Carolina. Mrs. Clark was laid to rest in the family plot in North Carolina.

Norfolk bears the burden of establishing federal jurisdiction. *See Mulcahey v. Organic Chemicals Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). The court finds that Norfolk has failed to meet its burden of demonstrating complete diversity by a preponderance of the evidence. The Plaintiff has submitted substantial evidence that Mrs. Clark and her husband intended to find a place to live and remain in North Carolina. None of their personal belongings were left in South Carolina, and their son moved into the home in South Carolina and took up the payments. Accordingly, the court finds that at the time of her death, Mrs. Clark was domiciled in North Carolina.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is hereby GRANTED and this case is hereby remanded to Gaston County Superior Court.

Signed: September 23, 2010

Graham C. Mullen
United States District Judge

4